******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

VERTEFEUILLE, J., with whom ZARELLA, J., joins, dissenting. Deciding whether to sever two or more informations against a defendant that have been joined for a single trial calls for a trial court to exercise discretion and balance considerations of judicial economy against the likelihood that the joint trial will prejudice the defendant. The trial court in the present case, after balancing these competing considerations, joined for trial two informations that charged the defendant, Eddie A. Perez, former mayor of Hartford, with separate, corruption related offenses—one of the alleged crimes relating to an alleged bribe; the other crimes relating to an alleged extortion attempt. The court thereafter denied two separate motions by the defendant to sever the informations. Following his conviction of various corruption related offenses after a jury trial, the defendant appealed to the Appellate Court, which reversed the trial court's judgments and remanded the cases for new, separate trials. *State* v. *Perez*, 147 Conn. App. 53, 124, 80 A.3d 103 (2013).

The majority concludes that the trial court in the present case abused its discretion by denying the defendant's first motion to sever because he wanted to testify in the bribery case, but not in the extortion case. In my view, however, the majority has not afforded the trial court's exercise of discretion the level of deference to which it is entitled. Because I am persuaded that the trial court acted properly within its discretion in declining to sever the cases on this basis, I respectfully dissent.[1]

In considering whether to sever two cases that have been joined for trial, "the trial court enjoys broad discretion, which, in the absence of manifest abuse, an appellate court may not disturb." (Internal quotation marks omitted.) *State* v. *Payne*, 303 Conn. 538, 544, 34 A.3d 370 (2012); *State* v. *Davis*, 286 Conn. 17, 28, 942 A.2d 373 (2008). The party seeking to overturn a discretionary ruling thus has a "heavy burden . . . ." *State* v. *Ross*, 230 Conn. 183, 226, 646 A.2d 1318 (1994), cert. denied, 513 U.S. 1165, 115 S. Ct. 1133, 130 L. Ed. 2d 1095 (1995). "[W]hen reviewing the action of a trial court under an abuse of discretion standard, we should read the record to support, rather than contradict, [the trial court's ruling]." (Internal quotation marks omitted.) *State* v. *Lugo*, 266 Conn. 674, 692 n.16, 835 A.2d 451 (2003); accord *State* v. *Orr*, 291 Conn. 642, 667, 969 A.2d 750 (2009) ("[i]n determining whether there has been an abuse of discretion, the ultimate issue is whether the court could reasonably conclude as it did" [internal quotation marks omitted] ); *State* v. *Skakel*, 276 Conn. 633, 724, 888 A.2d 985 ("[i]n determining whether there has been an abuse of discretion, every

reasonable presumption should be made in favor of the correctness of the trial court's ruling, and we will upset that ruling only for a manifest abuse of discretion" [internal quotation marks omitted]), cert. denied, 549 U.S. 1030, 127 S. Ct. 578, 166 L. Ed. 2d 428 (2006). "Our role as an appellate court is not to substitute our judgment for that of a trial court that has chosen one of many reasonable alternatives." (Internal quotation marks omitted.) *State* v. *Day*, 233 Conn. 813, 842, 661 A.2d 539 (1995).

A defendant who moves for severance pursuant to Practice Book § 41-18 has the burden to show that severance is warranted. *State* v. *Davis*, supra, 286 Conn. 28. I agree with the majority that severance may be warranted when the defendant wishes to testify in one of the cases against him, but to remain silent in the other. See, e.g., *State* v. *Schroff*, 198 Conn. 405, 409, 503 A.2d 167 (1986), citing *Baker* v. *United States*, 401 F.2d 958, 977 (D.C. Cir. 1968), cert. denied, 400 U.S. 965, 91 S. Ct. 367, 27 L. Ed. 2d 384 (1970). Nevertheless, the defendant's burden to obtain severance on this basis is high. A defendant seeking severance must do more than express a desire to testify in only one case. *Baker* v. *United States*, supra, 977; see also *United States* v. *Alexander*, 135 F.3d 470, 477 (7th Cir. 1998). Instead, he must make a " 'convincing showing' " that he has (1) important testimony to give concerning one case, and (2) a strong need to refrain from testifying in the other. *Baker* v. *United States*, supra, 977; *State* v. *Schroff*, supra, 409. To establish that he has important testimony to give, the defendant must show that his intended testimony credibly relates to the charges against him and will not be wholly cumulative of testimony available from other sources. See, e.g., *United States* v. *Alosa*, 14 F.3d 693, 695 (1st Cir. 1994) (no prejudice from joinder when defendant's intended testimony did not credibly account for his conduct); *United States* v. *Valentine*, 706 F.2d 282, 291 (10th Cir. 1983) (defendant's intended evidence was cumulative); *United States* v. *Outler*, 659 F.2d 1306, 1313 (5th Cir. 1981) (same). Conversely, to show a strong need to refrain from testifying, a defendant must show that he will suffer substantial prejudice as a result of his testifying, such as opening the door to impeachment evidence; he may not rest on an assertion that he wishes to leave the government to its proof. See, e.g., *United States* v. *Jones*, 530 F.3d 1292, 1301 (10th Cir. 2008); *United States* v. *Valentine*, supra, 291.

Moreover, to perfect this claim and enable the trial court to properly evaluate prejudice, "it is essential that the defendant present enough information—regarding the nature of the testimony he wishes to give [in one case] and his reasons for not wishing to testify on the other—to satisfy the court that the claim of prejudice is genuine and to enable it intelligently to weigh the considerations of economy and expedition in judicial

administration against the defendant's interest in having a free choice with respect to testifying." (Internal quotation marks omitted.) *State* v. *Schroff*, supra, 198 Conn. 409. A defendant must give "specific examples of the exculpatory testimony that the defendant would give." *United States* v. *Alexander*, supra, 135 F.3d 477; see *United States* v. *Balzano*, 916 F.2d 1273, 1283 (7th Cir. 1990) (no showing of prejudice when defendant "neglected to set forth any specific examples of the alleged exculpatory testimony he would have presented"). A "general statement" about the topics of the intended testimony is not enough. *United States* v. *Alexander*, supra, 477.

In the present case, the defendant twice moved for severance on the basis that the joining of the two informations for a single trial was interfering with his decision about whether to testify. He first filed a motion for severance on this basis, dated May 20, 2010, after the state had finished the evidence in the bribery case, but before it began presenting its extortion case. The trial court denied his motion and the state proceeded with its extortion case. The defendant renewed his request for severance on this basis with a second motion dated June 9, 2010, after the state had completed its extortion case. The trial court denied this motion, as well. The majority addresses only the May 20 motion and concludes that the trial court was required to sever the cases at that time. I disagree with this conclusion.

In my view, the defendant did not provide sufficient specific information about his proposed testimony to properly perfect his May 20 motion for severance, and this lack of information prevented the trial court from meaningfully considering his claim of prejudice. In his motion, he provided only general statements about *topics* of testimony he intended to give, and did not provide the trial court with any specific facts that he intended to establish with his testimony or how it might differ from testimony already presented.[2] For example, he represented to the court that he needed to explain the reasons for his false statements to Michael Sullivan, an inspector with the state Division of Criminal Justice in its public integrity unit, and why he delayed in paying his bill, but he did not tell the court anything about what those reasons were. In addition, the May 20 motion stated that the defendant wanted to testify about "[h]ow [the contractor] Carlos Costa became involved in the [d]efendant's home renovation project, details regarding when he first approached . . . Costa and requested a bill, [and] the number of times that he personally followed up with Costa regarding his request . . . ." See footnote 2 of this dissenting opinion. As the majority explains in its recitation of the facts, however, Costa had already testified about these details. If the defendant intended to give different testimony on these points, such that it would not be cumulative, he, as the party moving for severance, had the burden to demon-

strate that to the trial court. The defendant, however, did not give any indication of whether or how he expected his testimony to differ from Costa's.

By not giving the trial court any specific details about his intended testimony, the defendant deprived the trial court of the opportunity to properly assess his claim of prejudice. The trial court could not evaluate the extent to which his intended testimony was credible, relevant, and not entirely cumulative of testimony already presented. See, e.g., *United States* v. *Alexander*, supra, 135 F.3d 477 (explaining that "general assertions" about topics of intended testimony are "insufficient to establish prejudice" and fall short of " 'convincing showing' " that is required for trial court to assess defendant's claim and grant severance). Without any specific examples of the defendant's intended testimony, the trial court was left to speculate as to the substance and import of the testimony he intended to give, preventing it from balancing the extent of any possible prejudice to the defendant against considerations of judicial economy. *State* v. *Schroff*, supra, 198 Conn. 409. In addition, the lack of any detail also prevented the state from meaningfully responding to the defendant's claim of prejudice—it had no notice of what the defendant would actually testify to and so could not formulate arguments based on the content of the defendant's proposed testimony.

The defendant argues in his brief that he did not provide specifics of his testimony to avoid giving the state "a preview of his defense . . . ." It is just these specifics, however, that our case law and case law from federal courts require to support a motion for severance on this basis. See *State* v. *Schroff*, supra, 198 Conn. 409–10; see also *United States* v. *Alexander*, supra, 135 F.3d 477 (defendant's failure to provide examples of his intended testimony is fatal to his claim); see also *State* v. *Lemay*, 46 A.3d 1113, 1121 (Me. 2012) (defendant's tactical decision to not provide details about his intended testimony to avoid revealing theory of his defense inhibits court's ability to assess prejudice).

The defendant had the burden to produce sufficient detailed information to support his May 20, 2010 motion and thereby to persuade the trial court to grant it. Given the paucity of information presented by the defendant, it was hardly an abuse of discretion for the trial court to deny the May 20 motion to sever. It is not enough for an appellate panel to disagree with the trial court's exercise of discretion; the defendant must show that the trial court's exercise was unreasonable under the circumstances presented. I would conclude that the defendant did not meet that burden.

In addition, although not considered by the majority, I would further conclude that the trial court also properly denied the defendant's second motion for severance. The defendant renewed his request for severance in his

June 9, 2010 motion, after the state had presented its evidence in both cases. This time, however, at the hearing on the motion, he provided the trial court with a detailed description of the testimony he intended to provide in the bribery case and reiterated the reasons he wished to remain silent in the extortion case.[3] For example, regarding the reasons he misled Sullivan about his payment of the home improvement bill, the defendant's counsel represented to the court, for the first time, that the defendant would "explain the lies that were made to [Sullivan] with [the city's corporation counsel] in the room, and he'll testify that he was embarrassed to reveal that he had not paid the bill to [Costa] with [corporation counsel] present in the room." The defendant's counsel then set forth, in extensive detail, the testimony the defendant intended to give on approximately eighteen topics pertaining to the bribery charge.

Importantly, the defendant also requested alternative relief, including a request that, if the court refused severance, he be allowed to testify in the bribery case, but remain silent and be shielded from any cross-examination with regard to the extortion case. After hearing argument on that motion, the trial court found that the defendant had shown that he had important testimony to give in the bribery case and strong reasons to refrain from testifying in the extortion case. Nevertheless, the court, exercising its discretion, refused to sever the cases. Significantly, however, the trial court did grant the defendant's alternative requested relief, and permitted him to testify about the bribery case without being subject to cross-examination with regards to the extortion case. The defendant, however, ultimately chose not to testify.

In determining whether the defendant should have new and separate trials on the charges he faces, it is of substantial import to me that the trial court granted him an alternative form of relief, *one that he had expressly requested in his motion to sever*—the right to testify on the bribery charges without being exposed to cross-examination on the extortion charges. Practice Book § 41-18 specifically authorizes the court to provide such other relief as "justice may require" in the alternative to severance. Although the defendant ultimately decided not to testify at all, in my view, the trial court's grant of alternative relief that he specifically requested substantially undercuts his claim of prejudice. The trial court's grant of the defendant's requested alternative relief afforded him protection from cross-examination on the extortion charge and thus mitigated to a significant extent any prejudice to the defendant caused by joinder. I recognize that this relief might not have provided complete protection from all prejudice that might have arisen if he took the stand to expressly deny one set of charges while remaining silent on the other. Nevertheless, under the circumstances of this case, I conclude that the defendant did not present a convincing

showing of *substantial* prejudice, especially in light of the deferential abuse of discretion standard that we must apply. *State* v. *Davis*, supra, 286 Conn. 27–28.

For these reasons, in my view, the trial court properly denied the defendant's motions for severance. Consequently, I respectfully dissent and would reverse the Appellate Court's judgment and remand the case to that court to consider the defendant's remaining claims on appeal not previously addressed by that court.

[1] As explained in the majority opinion, the defendant also claimed in his appeal to the Appellate Court that, pursuant to the factors identified in our decision in *State* v. *Boscarino*, 204 Conn. 714, 723, 529 A.2d 1260 (1987), the trial court had abused its discretion in joining the two cases in the first place and then by failing to sever them after trial began. See footnote 1 of the majority opinion. The defendant argued that the two cases were too similar and too complex for a jury to fairly consider each case separately. *State* v. *Perez*, supra, 147 Conn. App. 93–94. In considering this claim, the Appellate Court reviewed the trial court's joinder and severance decisions together, based on a review of the *entire* trial record, rather than by limiting its review to only the information before the trial court at the time it decided to join the cases, or when it declined to sever them. Id., 95–109. On the basis of this combined review, the Appellate Court concluded that the trial court either should not have joined the cases or should have later severed them. Id., 109 n.51, 109–13.

In a separate concurrence, Judge Lavine disagreed with this portion of the Appellate Court's decision. He first concluded that whether the trial court should have joined the two cases in the first place must be considered separately from whether the trial court should later sever the cases. Id., 124–25 and n.1 (*Lavine, J.*, concurring). He also concluded that each decision by the trial court must be reviewed based only on the information before the trial court at the time it decides the motion to join or to sever the cases. Id., 128–29 (*Lavine, J.*, concurring). Considering each decision separately and based on the information before the trial court at the time it made each decision, Judge Lavine further concluded that the trial court properly joined the cases for trial because the crimes and relevant facts at issue in each case were sufficiently distinct to allow the jury to fairly consider each case separately. Id., 132–34 (*Lavine, J.*, concurring).

Although the majority does not address this aspect of the Appellate Court's decision, because it resolves the appeal on a different ground, I note that I agree with both Judge Lavine's analytical approach and his conclusion.

[2] The defendant's motion explained that the defendant wanted to testify on the following topics: "The [d]efendant's reasons for misleading . . . [Michael Sullivan, an inspector with the state Division of Criminal Justice in its public integrity unit] during their initial interview on June 27, 2007; [h]ow . . . [the contractor, Carlos Costa] became involved in the [d]efendant's home renovation project, details regarding when he first approached . . . [Costa] and requested a bill, the number of times that he personally followed up with Costa regarding his request, and the reasons for his delay in payment . . . [t]he context of his involvement . . . regarding the Park Street Project; and . . . [t]he context of his involvement in the issuing of emergency and manual checks from the [t]reasurer for the [city of Hartford] . . . to [Costa's company]." (Internal quotation marks omitted.) *State* v. *Perez*, supra, 147 Conn. App. 114.

[3] The lengthy description of the defendant's intended testimony is included in the majority opinion and also appears in the Appellate Court's opinion. See *State* v. *Perez*, supra, 147 Conn. App. 116–19 nn.58 and 59.